### J. LAING & CO. ET AL. V. THE STATE OF TEXAS.

#### No. 1493.

**Liquor Dealer's Bond—Sale to Minor.**—C. sent a minor in his employ to the saloon of L. & Co. for a bucket of beer, furnishing him the money with which to pay therefor. He had before that sent there by the same party for other purchases, including beer. *Held*, that the transaction in this case was a sale of the beer to C., and not to the minor, and was not a violation of the clause in the liquor dealers' bond inhibiting a sale to minors.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*B. G. Bidwell*, for appellants.—The delivery of beer to a minor, who discloses the fact that he is only an agent, and also the name of his

principal, is not a sale of beer to the infant.    2 Sayles' Civ. Stats., art. 3226a, subdiv. 4; Yakle v. The State, 30 Texas Civ. App., 391; Walstein v. The State, 29 Texas Civ. App., 82; 1 Benj. on Sales, 3 ed., p. 1; 2 Kent, 468; 2 Blackst., 446; 8 How. (U. S.), 544; Huthmaker v. Hains, 38 Pa. St., 498; 85 Pa. St., 158; 43 Iowa, 194; Wittowsky v. Wasson, 71 N. C., 451; De Fanclear v. Shuttenkird, 3 Johns., 170; Gardner v. Lone, 12 Allen, 39; Patten v. Smith, 5 Conn., 196.

*Howard Martin* and *O. H. Oulwell,* for appellee.—It is a violation of law for a liquor dealer to sell or give intoxicants in any manner to a minor except on the written order of the parent or guardian, and any infringement of this law is a breach of the liquor dealer's bond.   Sayles' Civ. Stats., art. 3226a, sec. 4; Yakle v. The State, 30 Texas Civ. App., 391; McGuire v. Glass, 4 Willson's C. C., secs. 51, 52; Goldsticker v. Ford, 62 Texas, 385.

TARLTON, CHIEF JUSTICE.—This appeal is from a judgment in the sum of $500 recovered by the appellee from the appellants for an alleged violation of a condition in a liquor dealer's bond, consisting in the sale of beer to a minor.

On April 12, 1889, the appellants, J. Laing and M. T. Bruce, constituting the firm of J. Laing & Co., as principals, and the remaining appellants, as sureties, executed a liquor dealer's bond, containing in the terms of section 4, article 3226a, Revised Statutes, the condition, among others, that "They (the principals) will not sell or permit to be sold  *  *  *  in their house or place of business, any  *  *  * liquors  *  *  *  capable of producing intoxication, to any person under the age of 21 years."

On May 2, 1889, this bond being in force, William Shirley, a minor under the age of 21 years, was, with the consent of his father, in the employment of B. F. and Paul Chastain, who were adults engaged in business near the saloon of the defendants, J. Laing & Co., in the town of Weatherford.   On that day B. F. Chastain sent the minor Shirley, with a bucket and ten cents, to the saloon of the defendants, Laing & Co., for the purpose of purchasing for him (Chastain) a bucket of beer. Shirley accordingly went with the bucket and the money into the saloon of the defendants, and informed the defendant Bruce that B. F. Chastain had sent him, the minor, to purchase a bucket of beer for Chastain.   Thereupon Bruce received the money from Shirley so sent by Chastain, filled the bucket with beer, a liquor capable of producing intoxication, and delivered the bucket so filled to Shirley, who took it and delivered it to Chastain.

The latter had before that time frequently sent Shirley to Laing & Co. to purchase from him various articles, sometimes including beer. This fact was well-known to Bruce, who let Shirley have the beer for the use of Chastain, and not of Shirley.

*Opinion.*—The question presented is whether, under the foregoing facts, the appellants, liquor dealers, violated the condition of their bond forbidding them to sell, or permit to be sold, intoxicating liquor to a minor. In other words, whether the facts stated show a sale to a minor.

The trial court erroneously, we think, answered this question in the affirmative.

The word "sale" is a legal term of fixed and definite meaning. By the contract of sale, the property and the title thereto pass to the vendee. The title passes from the vendor and vests in the vendee. See Anderson's Law Dictionary, 914.

Here the relation of vendor and vendee neither really nor apparently existed between Bruce and the minor Shirley. No title really or apparently passed by the transaction to the minor. On the contrary, it really and apparently passed to the principal, Chastain. He, and not the minor, was the purchaser.

To illustrate: Among the conditions of this bond is one to the effect that the liquor dealer will not sell, nor permit to be sold, intoxicating liquor to an habitual drunkard. Had it been shown, in connection with the remaining facts above stated, that Chastain, who sent the minor for the beer, was such a person, could it be seriously questioned that the transaction was a sale to him, and that the bond had been thus violated? The question thus substantially presented we find considered by the Supreme Court of Mississippi. Schulher v. The State, 8 South. Rep., 328. It is there in effect held, that an intoxicated person purchasing through the agency of another, where the relation is known to the liquor dealer, is the vendee within the terms of a bond conditioned that the dealer will not sell to an intoxicated person.

In support of the conclusion reached by us, we cite with approval the case of Wallace v. The State, Supreme Court of Arkansas, 16 Southwestern Reporter, 571, which we find to contain an able discussion of the question.

We are unable to impute to the Legislature an intention to include or cover a transaction beyond the plain import of the language which it used in the enactment of this statute.

As this case was tried before the court without a jury, and the facts are undisputed, we are of opinion that the judgment should be reversed and here rendered for the appellants; and it is so ordered.

*Reversed and rendered.*

Delivered December 11, 1894.

Writ of error refused.